## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GUILLERMO GARCIA, on behalf of himself and all other persons similarly situated,<br><br>                     Plaintiff,<br><br>             - vs. –<br><br>AIM PIZZA CORP. d/b/a PRONTO PIZZA, CHICO SHEGAL, and ALFIE "DOE,"<br><br>                   Defendants. | Index No. 17-cv-_____<br><br><br>**COMPLAINT** |

Plaintiff JUAN GUILLERMO GARCIA ("GARCIA" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action against AIM PIZZA CORP. d/b/a PRONTO PIZZA ("Pronto Pizza"), CHICO SHEGAL, and ALFIE "DOE" (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et. seq.*, and the New York Labor Law, §§ 190 *et. seq.*, and Art. 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 146 (collectively "NYLL").

2.      Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similarly situated employees who suffered damages resulting from Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. §

1

216(b), and applicable state laws of the State of New York.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to

28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's NYLL claims because

those Claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §

1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred

in this district.

## PARTIES

6.      Plaintiff is an adult individual who is a resident of Queens, New York.

7.      Plaintiff was employed by Defendants from approximately February 2014 to

October 16, 2017.

8.      At all relevant times hereto, Plaintiff worked Defendants in New York County, and

was based at Defendants' business in Manhattan, New York.

9.      Plaintiff worked for Defendants full time as a cook for Defendants' restaurant

business. Plaintiff's duties included preparing pizza and condiments, as well as working the

counter and serving pizza.

10.     Defendant Pronto Pizza is a restaurant located at 114 Liberty Street, New York, NY

10006.   Pronto Pizza serves pizza, salads and various pastas and pies, and also provides food

delivery services throughout New York City.

11.     Upon information and belief, Defendants Chico Shegal and Alfie "Doe" are New

York state residents.

12.     Upon information and belief, at all times relevant to this Complaint, Defendant Shegal has been an owner, partner, officer and/or manager of Defendant Pronto Pizza.

13.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Shegal has had power over personnel decisions at Defendant Pronto Pizza, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

14.     Upon information and belief, at all times relevant to this Complaint, Defendant Doe has been an owner, partner, officer and/or manager of Defendant Pronto Pizza.

15.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Doe has had power over personnel decisions at Defendant Pronto Pizza, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

16.     Defendant Pronto Pizza is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

17.     Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products that have moved through interstate channels to produce an end product for Defendants' consumers.

18.     Upon information and belief, at all times relevant to this Complaint, Pronto Pizza's annual gross volume of sales made or business done was not less than $500,000.00.

19.     Therefore, Plaintiff was an employee of Defendants per the FLSA and NYLL, and Defendants are within the jurisdiction and venue of this Court.

## COLLECTIVE ACTION ALLEGATIONS

20.     Upon information and belief, at all times relevant to this Complaint, Defendants employed individuals to prepare and serve food on behalf of the Defendants.

21.     Upon information and belief, employees similarly situated to Plaintiff were also compensated at a weekly rate, despite working different hours daily for Defendants.

22.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

23.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

24.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. § 216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

25.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

26.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

27.     At all times pertinent to this complaint, Defendants failed to comply with 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees overtime compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

28.     The additional persons who may become Plaintiffs in this action are Defendants'

4

non-exempt employees who have worked on or after November 2, 2014, and were not properly compensated.

29.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

30.     Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

## FACTS

31.     Plaintiff was hired as a cook.

32.     Plaintiff's regular schedule was six (6) days per workweek, from Monday through Saturday, with Sundays off. However, Plaintiff routinely worked on two Sundays every month.

33.     On each day that he worked for Defendants, Plaintiff routinely worked from 7:00 A.M. until 4:00 P.M.

34.     Consequently, Plaintiff worked approximately fifty-four (54) to sixty-three (63) hours per week.

35.     Throughout his employment with Defendants, Plaintiff was paid $700 per week ($350 in cash and $250 by check), regardless of the number of hours he worked in a week.

36.     During the relevant time period, Defendants had no time clock, time sheets, or any system whatsoever for recording the hours that Plaintiff worked. As such, Defendants did not record Plaintiff's start time, stop time, or meal breaks taken, if any.

37.     Plaintiff has not received one and one-half times his regular rate of pay for hours worked over forty (40) hours per week.

38.     Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked

was willful, and lacked a good faith basis.

39.     Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain his signatures acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

40.     Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

<u>COUNT I</u>
**Fair Labor Standards Act - Overtime**

41.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42.     Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

43.     All similarly situated employees of Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

44.     Defendants knowingly and willfully failed to pay Plaintiff and the others similarly situated to him at time and one half of their regular rate of pay for their overtime hours worked in a work period.

45.     Because of said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages, and have incurred costs and attorneys' fees.

46.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly

situated employees are entitled to liquidated damages.

## COUNT II
### New York Labor Law - Overtime

47.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL.

49.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50.     Defendants failed to pay Plaintiff all of the overtime wages to which he is entitled under the NYLL, Art. 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 146.

51.     Defendants have failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for each hour worked exceeding forty (40) hours in a workweek.

52.     Defendants' violations of the NYLL have been willful and intentional.

53.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL § 198, and pre-judgment and post-judgment interest.

## COUNT III
### New York Labor Law – Wage Theft Prevention Act

54.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.     Defendants have willfully failed to supply a notice as required by NYLL § 195, in

7

English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

56.    Defendants have willfully failed to supply Plaintiff with accurate statements of wages ("paystubs") as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

8

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.    A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.    An award of liquidated damages because of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.    Liquidated damages for Defendants' New York Labor Law violations;

g.    Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

h.    Back pay;

i.    Punitive damages;

j.    An award of prejudgment and post judgment interest;

k.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.    Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
      November 2, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff and Proposed FLSA*
*Collective*

10

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of AIM Pizza Corp. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
        Juan Guillermo Garcia


Date:  October 16, 2017