UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan Guillermo Garcia, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>      -against-<br><br>Aim Pizza Corp. d/b/a Pronto Pizza, Chico Segal, and Alfie "Doe",<br><br>       Defendants. | Civil Action Number: 17-cv-8485<br><br>**ANSWER TO COMPLAINT** |

Defendant Aim Pizza Corp. d/b/a Pronto Pizza ("Defendant") by its attorneys, Varacalli & Hamra LLP, for its Answer to the Complaint (the "Complaint") herein alleges as follows:

## PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff purports to proceed as set forth in paragraph 1, but denies that Plaintiff is entitled to any relief whatsoever and denies any factual allegations and claims contained therein.

2. Defendant admits that Plaintiff purports to proceed as set forth in paragraph 2, but denies that Plaintiff is entitled to any relief whatsoever and denies any factual allegations and claims contained therein.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has jurisdiction over timely claims properly asserted pursuant to the Fair Labor Standards Act (the "FLSA").

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

1

5.	Defendant admits that venue properly lies within this district but deny any factual allegations contained in paragraph 5 of the Complaint.

## THE PARTIES

6.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7.	Defendant denies the allegations contained in paragraph 7 of the Complaint, except that its admits that Plaintiff was employed for Defendant at some point in time.

8.	Defendant denies the allegations contained in paragraph 8 of the Complaint, except that its admits that Plaintiff was employed for Defendant at some point in time.

9.	Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.	Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.	Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.	Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.	Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, except that it admits that an employee was hired by Defendant to serve food to customers.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Defendant lacks knowledge as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

## FACTS

31. Defendant denies the allegations contained in paragraph 31 of the Complaint, except that its admits that Plaintiff was employed for Defendant at some point in time.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## IN RESPONSE TO FIRST CLAIM FOR RELIEF

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

## IN RESPONSE TO SECOND CLAIM FOR RELIEF

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

## IN RESPONSE TO THIRD CLAIM FOR RELIEF

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. To the extent that an answer or responses to a paragraph of the Complaint has not been provided herein, the allegations contained in such paragraph are vehemently denied by Defendant.

## AFFIRMATIVE DEFENSES

58. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant assert the following defenses and reserve the right to amend and add further defenses.

## FIRST AFFIRMATIVE DEFENSE

59. Plaintiff fails to state a claim upon which relief may be granted, either on their own behalf or those persons they purport to represent.

## SECOND AFFIRMATIVE DEFENSE

60. Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that it is barred by the applicable statutes of limitation of Plaintiff' failure to fulfill jurisdictional prerequisites to suit or exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

61. This case may not be maintained as a class or collective action because no individuals exist that are similarly-situated to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

62. Plaintiff lacks standing to be and are not adequate representatives of the presumed class or collective and, as such, the Court should not authorize notice to be issued or a class or collective action to be maintained.

**FIFTH AFFIRMATIVE DEFENSE**

63. This case is not appropriate for class or collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff' and to each of the purported class or collective members.

**SIXTH AFFIRMATIVE DEFENSE**

64. Plaintiff cannot establish or maintain a class action because it cannot be demonstrated that a class action is superior to other methods available for adjudicating the controversy.

**SEVENTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims for damages, or the claims of the proposed class or collective, are barred or limited by Defendant' good faith efforts to comply with applicable law and Plaintiff's Complaint cannot establish a willful violation of the FLSA.

**EIGHTH AFFIRMATIVE DEFENSE**

66. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor, Defendant cannot be liable for relief or recovery.

**NINTH AFFIRMATIVE DEFENSE**

67. Plaintiff's claims, or the claims of the proposed class or collective, are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA.

**TENTH AFFIRMATIVE DEFENSE**

68.     Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### ELEVENTH AFFRIMATIVE DEFENSE

69.     Plaintiff's claims, or the claims of the proposed class or collective, are in whole or in part *de minimis*.

### TWELFTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrine of payment as Defendant have already tendered some or all of the payments claimed to be owed.

WHEREFORE, for the foregoing reasons, Defendant requests that judgment be granted as follows:

A. Dismissing the Complaint; and

B. Awarding such other and further relief as this Court deems just and proper, including legal fees, costs and disbursements, and interest on the foregoing.

Dated: February 5, 2017
       New York, NY

                VARACALLI & HAMRA, LLP

                /s/ Salim Katach_____
                Salim Katach, Esq. (SK0924)
                *Attorneys for Defendant*
                32 Broadway, Suite 1818
                New York, New York 10004
                Tel.: (646) 590-0571
                Fax.: (646) 619-4012
                E-mail: skatach@svhllp.com