# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **MICHAEL SAMUEL**<br>michael@samuelandstein.com | September 4, 2018 | ADMITTED IN<br>NY |

**Via ECF**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Garcia v. Aim Pizza Corp. et al*
Case No. 1:17-cv-08485-AJN

Dear Judge Nathan:

      We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Abraham Hamra, Esq. of Varacalli & Hamra LLP, counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is provided herewith.

<u>Background</u>

      Plaintiff was employed by Defendant Aim Pizza Corp. d/b/a Pronto Pizza ("Pronto Pizza") as a cook, from approximately February 2014 to October 16, 2017. [DE 1] Plaintiff commenced this action on November 2, 2017 by filing a Complaint against Defendants alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and claims under the NYLL for failure to provide wage notice and wage statements. [DE 1]

      In the complaint, Plaintiff alleges that Defendants failed to compensate him for hours worked over 40 in the workweek. Additionally, Plaintiff asserted that Defendants failed to provide him with the notices or weekly wage statements required by the NYLL. Defendants deny all the allegations made in the Complaint. The settlement agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

<u>Settlement Agreement</u>

Hon. Alison J. Nathan, U.S.D.J.
September 4, 2018
Page 2 of 7

      The parties engaged in negotiations and document exchange, which included the provision of copies of Plaintiff's checks to Defendants, and the provision by Defendants to Plaintiff's counsel of Defendants' corporate tax returns.

      Plaintiff's initial demand amounted to over $200,000.00, which would represent his best-case scenario damages, including one hundred percent liquidated damages and prejudgment interest. This was based on Plaintiff's assertion that he worked more than 18 overtime hours per week for over three-and-a-half years. However, Defendants' document production, including time records, strongly contradicted Plaintiff's allegations, and Plaintiff's deposition revealed serious discrepancies between the allegations he had made in the Complaint and the documents Defendants had produced, and ultimately, left substantial doubt as to whether Plaintiff worked overtime hours at all. Plaintiff's deposition revealed that he often left work early to care for his sick daughter, and his quarrel with Defendants was over lack of vacation time, rather than unpaid overtime hours.

      Defendants have established to Plaintiff's satisfaction that Defendants have limited assets and are not able to pay a substantial judgment or settlement. In fashioning the settlement, the parties have considered the financial position of Defendants, the fact that Plaintiff's testimony would undermine his initial allegations, and the fact that engaging in protracted litigation could result in legal expenses to Defendants that would substantially impair their ability to satisfy any judgment that might be assessed against them after a full legal proceeding.

      As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Fifteen Thousand Dollars ($15,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount is less than Plaintiffs' maximum possible recovery, we believe this to be a fair resolution of this matter, due to substantial *bona fide* disputes about the value of Plaintiff's claims, Defendants' precarious financial position, and the risks attendant with continuing the litigation.

      By settling now, Plaintiff ensures that he will get much of what he could potentially recover, including the money he is entitled to under New York's Wage Theft Prevention Act, and he does so without having to wait through months of likely fruitless discovery, then having to face the uncertainty of trial and the possibility that at the end, even in the unlikely event that his testimony is credited over Defendants' records, Defendants will be unable to satisfy the judgment.

<u>FLSA Settlement Approval</u>

      Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a

history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

In light of the uncertainties associated with establishing Plaintiff's overtime hours, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *See Beckert v. Rubniov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation). The settlement will also enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in substantial document exchange, and Defendant took Plaintiff's deposition, they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and they exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Hon. Alison J. Nathan, U.S.D.J.
September 4, 2018
Page 4 of 7

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiffs, we will retain 1/3 of the settlement (i.e., a total of **$5,000.00**) as attorneys' fees and reimbursement for costs of $400 for filing and $102 for service of process.

In total, Plaintiff's counsel expended 20.2 hours in representation of Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of Samuel & Stein. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $425. I believe this hourly rate to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

My associate, Ruchama L. Cohen, has practiced law since 2015, almost exclusively in the wage-and-hour area. She became licensed to work in the State of New York in 2016. She is also admitted to practice in the State of New Jersey, the District of New Jersey, and the Southern and Eastern Districts of New York. Her regular hourly rate is $250. Her time appears on the chart as "RC."

Below is a record of all time spent by Plaintiff's counsel on this matter:

| Date | Attorney | Task | Hrs/Qty | Rate/@ | Amount |
|---|---|---|---|---|---|
| 09/04/2018 | RC | Draft fairness letter. | 0.7 | $250.00 | $175.00 |
| 08/31/2018 | RC | Draft fairness letter. | 0.3 | $250.00 | $75.00 |
| 08/30/2018 | RC | Revise settlement agreement. | 0.2 | $250.00 | $50.00 |
| 08/28/2018 | RC | Calls and emails with Abraham Hamra re: settlement installments. | 0.1 | $250.00 | $25.00 |
| 08/27/2018 | MS | review draft settlement agreement | 0.7 | $425.00 | $297.50 |
| 08/27/2018 | RC | Review Hamra's draft settlement agreement. | 0.2 | $250.00 | $50.00 |
| 08/03/2018 | RC | Email opposing counsel with status letter; file status letter. | 0.1 | $250.00 | $25.00 |
| 08/03/2018 | RC | Draft status letter to Judge Nathan. | 0.1 | $250.00 | $25.00 |

Hon. Alison J. Nathan, U.S.D.J.
September 4, 2018
Page 5 of 7

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07/24/2018 | MS | meeting with RC | 0.2 | $425.00 | $85.00 |
| 07/24/2018 | RC | Discuss with Rakuel and Michael. | 0.2 | $250.00 | $50.00 |
| 07/12/2018 | RC | Travel from defense counsel's office. | 0.4 | $250.00 | $100.00 |
| 07/12/2018 | RC | Defend deposition of Juan Guillermo Garcia. | 3.3 | $250.00 | $825.00 |
| 07/12/2018 | RC | Travel to defense counsel's office. | 0.4 | $125.00 | $50.00 |
| 07/10/2018 | RC | Call with Judge Lehrburger and opposing counsel pre-settlement conference. | 0.1 | $250.00 | $25.00 |
| 07/09/2018 | RC | Prepare client for deposition. | 0.5 | $250.00 | $125.00 |
| 05/24/2018 | MS | review draft interrogatories | 1.2 | $425.00 | $510.00 |
| 05/24/2018 | RC | Finalize and send out interrogatories. | 0.2 | $250.00 | $50.00 |
| 05/24/2018 | RC | Revise interrogatories. | 0.3 | $250.00 | $75.00 |
| 05/24/2018 | RC | Draft letter to Plaintiff re: details of the deposition. | 0.1 | $250.00 | $25.00 |
| 05/23/2018 | RC | Respond to discovery. | 1 | $250.00 | $250.00 |
| 05/23/2018 | RC | Finalize document responses. | 0.4 | $250.00 | $100.00 |
| 05/15/2018 | MS | review Rule 26 disclosures | 0.3 | $425.00 | $127.50 |
| 05/15/2018 | RC | Draft Rule 26 disclosures. | 0.2 | $250.00 | $50.00 |
| 05/14/2018 | RC | Meet with client to answer discovery. | 0.8 | $250.00 | $200.00 |
| 04/19/2018 | RC | Format discovery responses. | 0.2 | $250.00 | $50.00 |
| 04/02/2018 | MS | review defendants discovery production | 1.8 | $425.00 | $765.00 |
| 04/02/2018 | RC | Review Defendants' interrogatories. | 0.1 | $250.00 | $25.00 |
| 03/27/2018 | MS | review discovery demands | 0.4 | $425.00 | $170.00 |
| 03/27/2018 | RC | Draft discovery requests. | 0.8 | $250.00 | $200.00 |
| 03/26/2018 | RC | Review confidentiality order. | 0.3 | $250.00 | $75.00 |
| 03/26/2018 | RC | Draft letter to Judge Nathan re: not moving for conditional cert. | 0.2 | $250.00 | $50.00 |
| 02/21/2018 | RC | Draft CMP and letter to Judge Nathan. Email to opposing counsel. | 0.5 | $250.00 | $125.00 |
| 02/21/2018 | RC | Draft CMP letter to Judge Nathan. | 0.2 | $250.00 | $50.00 |
| 02/15/2018 | RC | Email opposing counsel. Draft letter motion to Judge Nathan to reschedule initial conference. | 0.3 | $250.00 | $75.00 |

Hon. Alison J. Nathan, U.S.D.J.
September 4, 2018
Page 6 of 7

| | | | | | |
|---|---|---|---|---|---|
| 11/02/2017 | MS | review damage calculation | 0.8 | $425.00 | $340.00 |
| 11/02/2017 | RC | File summons, complaint, civil cover sheet. | 0.6 | $250.00 | $150.00 |
| 11/02/2017 | RC | Revise complaint to add Alfie as defendant. | 0.2 | $250.00 | $50.00 |
| 11/01/2017 | MS | review draft complaint | 0.8 | $425.00 | $340.00 |
| 11/01/2017 | RC | Damage calculation. | 0.2 | $250.00 | $50.00 |
| 11/01/2017 | RC | Draft complaint. | 0.8 | $250.00 | $200.00 |
| | | | | **Total:** | **$6,085.00** |

As the Court can see, our lodestar calculation exceeds the amount of fees awarded in this settlement. Moreover, we have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

<u>Release and Confidentiality</u>

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiff's claims, and the confidentiality provision provides an express carve-out to enable Plaintiffs to make truthful statements regarding the litigation.

<u>Conclusion</u>

For all of the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Hon. Alison J. Nathan, U.S.D.J.
September 4, 2018
Page 7 of 7

                                                      Respectfully submitted,

                                                      /s/ *Michael Samuel*
                                                      Michael Samuel, Esq.

Enc.

cc. Abraham Hamra, Esq. (by ECF)